**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DANIEL LEO JR.

                              Plaintiff,

        -against-

SELIP & STYLIANOU LLP f/k/a
COHEN & SLAMOWITZ LLP, MITCHELL SELIP,
MITCHELL G SLAMOWITZ and DAVID A COHEN

                Defendants.

**Docket No. 1:16-CV-00036-JTC**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DANIEL LEO JR.
                              Plaintiff,

        -against-

CYPRESS FINANCIAL RECOVERIES, LLC

                Defendants.

**Docket No. 1:16-CV-00041-JTC**

## DEFENDANTS' MOTION IN SUPPORT OF CONSOLIDATION

**SELIP & STYLIANOU LLP**
199 Crossways Park Drive
Woodbury, NY 11797
Tel: 516-364-6006 ext. 8912
alexponze@seliplaw.com
*Attorneys for Defendants*
*Selip & Stylianou LLP,*
*Mitchell Selip, Mitchell*
*Slamowitz, David Cohen and*
*Cypress Financial Recoveries*
*LLC*

## TABLE OF CONTENTS

I. INTRODUCTION ……….................................................................................... 2

II. THE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT..................3

III. A COURT HAS BROAD DISCRETION IN ORDERING CONSOLIDATION.............4

IV. CONCLUSION………………………......................................................... 6

i

# TABLE OF AUTHORITIES

**Cases:**

*Judicial Watch, Inc. v. United States Department of Energy, et al.*, 207 F.R.D. 8 (D.D.C. 2002)..............................................................................................................................2

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)....................2, 4

*Cruz v. Robert Abbey, Inc., 778 F. Supp. 605* (E.D.N.Y.1991).......................................3

*Devlin v. Transportation Communications Int'l.Union,* 175 F.3d 121, 130 (2d Cir. 1999).................................................................................................................................4

*United States v. Native Wholesale Supply Co.*, 2009 U.S. Dist. LEXIS 99313, (W.D.N.Y. 2009)..................................................................................................................................4

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990)................................................4

*Kelly v. Kelly*, 911 F. Supp. 66, 69 (N.D.N.Y. 1996).......................................................4


**Statutes:**

Fed. R. Civ. P. 42(a)… ............................................................................................... 1- 4

Fair Debt Collection Practices Act, 15 U.S.C. § 1692a......................................................3

New York General Business Law §349...............................................................................3


**Treatises:**

Wright & A. Miller, Federal Practice & Procedure § 2382 3d ed. (2008)..........................2

Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971)................................2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DANIEL LEO JR.

                      Plaintiff,

    -against-

SELIP & STYLIANOU LLP f/k/a
COHEN & SLAMOWITZ LLP, MITCHELL SELIP,
MITCHELL G SLAMOWITZ and DAVID A COHEN

               Defendants.

**Docket No. 1:16-CV-00036-JTC**

---

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DANIEL LEO JR.

                      Plaintiff,

    -against-

CYPRESS FINANCIAL RECOVERIES, LLC

               Defendants.

**Docket No. 1:16-CV-00041-JTC**

---

## MOTION IN SUPPORT OF CONSOLIDATION PURSUANT TO RULE 42(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

    Selip & Stylianou LLP ("S&S"), Mitchell Slamowitz, Mitchell Selip, David Cohen and Cypress Financial Recoveries LLC (Collectively, "Defendants") hereby move this court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to consolidate the two actions captioned above.

    Because both actions involve identical facts and legal arguments, judicial efficiency would be served by consolidating the two cases for all purposes.

# I

## INTRODUCTION

When actions involving a common question of law or fact are pending before the

court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may

make such orders concerning proceedings therein as may tend to avoid unnecessary costs or

delay. Fed.R.Civ.P. 42(a). Rule 42(a) provides in part: "When actions involving a common

question of law or fact are pending before the court, . . . it may order all the actions

consolidated . See also *Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383* (3d ed.)

(Consolidation most appropriate when common issues predominate).

In *Judicial Watch, Inc. v. United States Department of Energy*, et al., 207 F.R.D. 8

(D.D.C. 2002), the court held:

> Under Rule 42 of the Federal Rules of Civil Procedure,
> the Court has discretion to consolidate civil actions
> when the cases share common issues of law or fact,
> consolidation would serve the interests of judicial
> economy, and the parties would not be prejudiced by
> consolidation.

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases

on its docket are to be tried so that the business of the court may be dispatched with expedition

and economy while providing justice to the parties." *Wright & A. Miller, Federal Practice and

Procedure,* § 2381 (1971).

Consolidation provides the Court with the opportunity to expedite trials and

avoid inconsistent adjudication of similar issues. *Hendrix v. Raybestos-Manhattan, Inc.*, 776

F.2d 1492 (11th Cir. 1985) See also *Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383* (3d

ed.) (Consolidation most appropriate when common issues predominate) Consolidation also

acts to conserve time and effort for the Court and parties involved in the litigation. *Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y.1991).

As discussed *infra*, the above captioned actions clearly meet the criteria for consolidation.  Both cases involve similar parties, common questions of law and fact predominate and consolidation will not cause inconvenience or delay.

## II
## THE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT

Common questions of law and fact abound in the above referenced matters. Attached at Exhibit "A" is a copy of the summons and complaint in the matter entitled *Daniel Leo Jr. v. Selip & Stylianou LLP. Et al.* Docket No. 1:16-CV-00036-JTC ("Action One") Attached at Exhibit "B" is a copy of the summons and complaint in the matter entitled *Daniel Leo Jr v. Cypress Financial Recoveries LLC,* No. 1:16-CV-00041-JTC ("Action Two").

The attached Exhibits clearly demonstrate that both actions arise from identical allegations of fact. The pleadings allege that the Defendants are liable for committing identical violations of the Fair Debt Collection Practices Act, 18 U.S.C. § 1692 et. al ("FDCPA"), and New York General Business Law §349.  In sum and substance, Plaintiff contends that his right to contest the validity of a debt during the 30 day validation period was overshadowed by a settlement offer letter that S&S sent on behalf of Cypress.[1]

Both Action One and Action Two ultimately turn on the court's analysis of the settlement offer letter and existing FDCPA case law.  Consolidation is particularly appropriate because the legal and factual issues in both actions are inextricably intertwined.  The outcome of Action Two is entirely dependent on whether Plaintiff can establish a sufficient basis to

---

[1] ¶ 18-29 of the Leo I Complaint (Exhibit "A") is virtually identical to ¶12-19 and ¶24-29 of the Leo II Complaint (Exhibit "B")

prevail in Action One. If the finder of fact determines the settlement offer letter did not

overshadow Plaintiff's right to contest the underlying debt, both actions fail as a matter of law.

Based on the significant overlap of common legal and factual issues, the two actions

are substantively identical. Therefore, Action One and Action Two should be consolidated for

purposes of discovery, motion practice and trial.

**III**

**A COURT HAS BROAD DISCRETION IN ORDERING CONSOLIDATION**

"A district court can consolidate related cases under Federal Rule of Civil Procedure

42(a) sua sponte." *Devlin v. Transportation Communications Int'l. Union*, 175 F.3d 121, 130

(2d Cir. 1999). Rule 42(a) provides that the court may consolidate the actions where they

involve a common question of law or fact. Fed. R. Civ. P. 42(a). Consolidation should be

prudently employed as a valuable and important tool of judicial administration, invoked to

expedite trial and eliminate unnecessary repetition and confusion. *Devlin,* 175 F.3d at 130.

*United States v. Native Wholesale Supply Co.*, 2009 U.S. Dist. LEXIS 99313, *17-18

(W.D.N.Y. Oct. 20, 2009).

In exercising this discretion, a court should weigh the time and effort consolidation

would save with any inconvenience or delay it would cause. *Hendrix v. Raybestos-Manhattan,*

*Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985); *Huene v. United States,* 743 F.2d 703, 704 (9th Cir.

1984). In making its decision, the trial court "has broad discretion to determine whether

consolidation is appropriate." *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir.

1990). This discretion, however, is not unfettered. Id. at 1285. The court "must balance the

efficiency concerns against the potential for confusion or prejudice which may result from this

move." *Kelly v. Kelly*, 911 F. Supp. 66, 69 (N.D.N.Y. 1996).

Here, consolidation is desirable because both actions involve common issues of law that require consideration of a common set of facts. The success of Action Two hinges upon the outcome of Action One. Accordingly, Consolidation offers efficiency and convenience in this instance because both matters will be resolved in a single proceeding. The elimination of bifurcated litigation will save time, preserve the resources of this Court and avoid unnecessary costs to the parties and witnesses who would otherwise be required to testify at separate trials.

Because both actions are at a similar stage of procedural development, consolidation will not result in undue delay. The Defendants removed their respective state court actions to the Western District of New York in January 2016. At this juncture, the parties have not engaged in discovery or motion practice. As a result, there is no risk that consolidation will cause the adjudication of one action to be delayed while discovery is completed in the other action.

Finally, this Court should exercise its discretion to consolidate these actions because consolidation will serve the interests of justice. It would be prejudicial to force the Defendants to endure the inconvenience and unnecessary expense of briefing and arguing the same issues twice. In contrast, consolidation will result in a considerable savings of time and resources for the Court and the parties.

Because Action One and Action Two involve common questions of law and fact, and substantially similar parties, the cases should be consolidated for all purposes. A proposed order is attached at Exhibit "C".

## IV

## <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that this Court

consolidate ***Daniel Leo Jr. v. Selip & Stylianou LLP. Et al. Docket No. 1:16-CV-00036-JTC***

for all purposes with ***Daniel Leo Jr v. Cypress Financial Recoveries LLC, No. 1:16-CV-00041-JTC.***

Dated: February 2, 2016

**SELIP & STYLIANOU LLP**

  /S/ By: Alexander Ponze
199 Crossways Park Drive
Woodbury, New York 11797
(516) 364-6006 ext. 8912

*Attorneys for Movants*
*Selip & Stylianou LLP,*
*Mitchell Selip, Mitchell*
*Slamowitz, David Cohen and*
*Cypress Financial Recoveries LLC*

# EXHIBIT "A"

CITY COURT OF THE CITY OF LACKAWANNA
COUNTY OF ERIE

DANIEL LEO, JR.,

                    Plaintiff,

      -against-

SELIP & STYLIANOU, LLP, F/K/A COHEN & SLAMOWITZ, LLP,
MITCHELL SELIP, DAVID A. COHEN,
AND MITCHELL G. SLAMOWITZ,

                    Defendants.

INDEX NO. CV-000201-15/LA

**SUMMONS**

Plaintiff's Address:
4306 Oakwood Avenue
Blasdell, NY 14219

The basis of the venue is
Defendants' regular transaction of
business in Lackawanna

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED and required to appear in the City Court of the City of

Lackawana, County Erie, at the office of the Clerk of said Court at 714 Ridge Road, Lackawanna

City Hall, Lackawanna, NY 14218, in the County of Erie, State of New York, by serving an

answer to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there

is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as

noted below; upon your failure to answer, judgment will be taken against you for the relief

demanded in the complaint, together with the costs of this action.

Dated:      September 3, 2015

Mitchell L. Pashkin
Attorney For Plaintiff
775 Park Avenue
Huntington, NY 11743
(631) 335-1107

Note: The law provides that:

(1) if this summons is served by its delivery to you personally within the County of Erie, you must answer within 10 days after such service; or

(2) if this summons is served by delivery to any person other than you personally, or is served outside the County of Erie, or by publication, or by any means other than personal delivery to you within the County of Erie, you are allowed 30 days after service is complete within which to answer.

———————————————

*You need not physically go to the court to serve an answer.

CITY COURT OF THE CITY OF LACKAWANNA
COUNTY OF ERIE

DANIEL LEO, JR.,

INDEX NO. CV-000201-15/LA

             Plaintiff,

   -against-

**AMENDED COMPLAINT**

SELIP & STYLIANOU, LLP, F/K/A COHEN & SLAMOWITZ, LLP,
MITCHELL SELIP, DAVID A. COHEN,
AND MITCHELL G. SLAMOWITZ,

             Defendants.

    Plaintiff, Daniel Leo, Jr. [hereinafter "Leo"], complains of complains of Defendants, Selip

& Stylianou, LLP f/k/a Cohen & Slamowitz, LLP [hereinafter "C&S"], Mitchell Selip (hereinafter

"Selip"), Mitchell G. Slamowitz (hereinafter "Slamowitz") and David A. Cohen (hereinafter

"Cohen") as follows:

1.  Leo is a natural person who currently resides at 4306 Oakwood Avenue, Blasdell, NY

    14219.

2.  Leo is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

3.  C&S is a limited liability partnership with a principal place of business located at 199

    Crossways Park Drive, Woodbury, NY 11797.

4.  The principal purpose of C&S is the collection of debts using the instrumentalities of

    interstate commerce, including mails and telephone; and it regularly collects or attempts

    to collect, directly or indirectly, debts owed or due or asserted to be owed or due to

    another.

5.  C&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6.  Selip is an attorney and individual with a principal place of business located at C&S.

7.  Selip is an owner of Mitchell Selip, P.C., one of the limited liability partners of C&S, a

main financial beneficiary of C&S either directly or through being an owner of the P.C., holds himself out as a partner of C&S, and/or controls and/or supervises the debt collection activities of C&S.

8. Selip is a debt collector as defined by the FDCPA.

9. Selip is accordingly liable for the acts of C&S.

10. Slamowitz is an attorney and individual with a principal place of business located at C&S.

11. Slamowitz is an owner of Mitchell G. Slamowitz, P.C., one of the limited liability partners of C&S, a main financial beneficiary of C&S either directly or through being an owner of the P.C., holds himself out as a partner of C&S, and/or controls and/or supervises the debt collection activities of C&S.

12. Slamowitz is a debt collector as defined by the FDCPA.

13. Slamowitz is accordingly liable for the acts of C&S.

14. Cohen is an attorney and individual with a principal place of business located at C&S.

15. Cohen is an owner of David A. Cohen, P.C., one of the limited liability partners of C&S, a main financial beneficiary of C&S either directly or through being an owner of the P.C., holds himself out as a partner of C&S, and/or controls and/or supervises the debt collection activities of C&S.

16. Cohen is a debt collector as defined by the FDCPA.

17. Cohen is accordingly liable for the acts of C&S.

## FIRST CAUSE OF ACTION

18. Leo repeats and realleges paragraphs 1-17 of this Complaint.

19. On August 21, 2014 C&S mailed the letter annexed as Exhibit A to Leo at 96 Larkwood

Road, Buffalo, NY  14224, the address of Leo's parents.  Although Leo lived at the above address, Leo received Exhibit A from his parents shortly after his parents' receipt of Exhibit A.

20. Exhibit A was the validation notice C&S on behalf of Cypress was required to send to Leo per 15 U.S.C. § 1692g.

21. On September 9, 2014, 12 days prior to the expiration of the validation period under 15 U.S.C. § 1692g and as set forth in Exhibit A, C&S mailed the letter annexed as Exhibit B to Leo at 96 Larkwood Road, Buffalo, NY 14224, the address of Leo's parents. Although Leo lived at the above address, Leo received Exhibit B from his parents shortly after his parents' receipt of Exhibit B.

22. Exhibit B did not in any manner communicate that Leo's receipt of Exhibit B did not supersede, override or eliminate Leo's rights as set forth under 15 U.S.C. § 1692g and as set forth in Exhibit A.

23. Exhibit B overshadowed and/or conflicted with Leo's rights under 15 U.S.C. § 1692g and as set forth in Exhibit A for the following reasons:

   a. Exhibit B did not in any manner set forth how, notwithstanding his receipt of Exhibit B, Leo still maintained his legal rights as set forth under 15 U.S.C. § 1692g and as set forth in Exhibit A.

   b. Exhibit B prominently set forth the following language, "Please be advised that Cypress Financial Recoveries, LLC has retained us regarding your outstanding bill." This language, especially the use of the word "retained", amounts to an introduction by C&S of itself to Leo as Cypress' attorneys.

   c. Exhibit B on the top left portion sets forth a "Payment Due Date" of September 26,

2014, a period of just 5 days after the expiration of the validation demand period and a date which would not allow Leo to demand validation on the last day allowed under the law and as set forth in Exhibit A and then receive a response to his demand for validation before deciding whether or not to make the payment by the deadline set forth in Exhibit B.

    d.  Exhibit B states that the settlement offer may not be available after September 26, 2014 , a period of just 5 days after the expiration of the validation demand period and a date which would not allow Leo to demand validation on the last day allowed under the law and as set forth in Exhibit A and then receive a response to his demand for validation before deciding whether or not to make the payment by the deadline set forth in Exhibit B. which was just 5 days after the expiration of the validation demand period

    e.  Exhibit B indicates that a benefit of paying is that all collection calls and letters will stop, a statement which conflicts with the fact that if Leo demanded validation C&S and Cypress would have to cease all collection efforts until it validated the debt assuming it even could validate the debt.

24. As a result of the above, Defendants violated Leo's rights under 15 USC 1692g (a) and (b), 15 USC 1692e, 15 USC 1692e (2) (A), 15 USC 1692e (5), 15 USC 1692e (10) and 15 USC 1692f .

## SECOND CAUSE OF ACTION

25. Plaintiff repeats and re-alleges the allegations in paragraphs 1-24 of this Complaint.

26. For the reasons set forth in paragraphs 22 and 23 of this Complaint, Exhibit B deceived or mislead Leo.

27. The sending of Exhibit B to Leo is consumer oriented for the following reasons:

    a. It was directed at Leo, a consumer;

    b. The conduct at issue against Leo, a consumer, affected or had the potential to affect similarly situated consumers for the following reasons: Upon information and belief, C&S, on behalf of Cypress and on behalf of numerous other creditors and debt buyers, sends out to numerous consumers on a regular basis letters identical to or substantially identical to Exhibit B prior to the expiration of the 30 day validation period allowed to consumers under 15 USC 1692g.

28. Leo suffered injuries as a result of his receipt of Exhibit B including but not limited to the aforementioned violations of his rights under the FDCPA, the cost of retaining an attorney to defend him and assist him in understanding his rights, the emotional distress of being pursued to pay a debt in a manner that caused him confusion as to his rights in response to these debt collection efforts.

29. In light of the facts set forth above, the sending to Leo of Exhibit B constitutes a violation of General Business Law 349 by Cypress.

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for damages in the amount of $15,000 broken down as follows:

1. Statutory damages of $1,000 and actual damages of $4,500 along with costs and attorney's fees for the violations of the FDCPA;

2. Statutory damages under NY GBL section 349 and actual damages under NY GBL section 349 in the amount of $4,500;

3. Any and all other relief deemed just and warranted by this court.

Dated:        December 13, 2015

_____

Mitchell L. Pashkin, Esq.
Attorney For Plaintiff
775 Park Avenue, Ste. 255
Huntington, NY  11743
(631) 335-1107

# Cohen & Slamowitz, LLP

**(800) 293-6006 ext. 8988**
**(516) 686-8988**
**Fax (516) 584-1006**

**199 Crossways Park Drive**
**Woodbury, NY 11797-9004**

August 21, 2014

LDUNNI C531134

DANIEL LEO JR
96 LARKWOOD RD
BUFFALO NY 14224

> Re: Original Creditor: Ge Capital Retail Bank - Wcl H
> Creditor: CYPRESS FINANCIAL RECOVERIES, LLC
> Account No: Account: XXXX-XXXX-XX-XX-6970
> C&S File No: C531134
> Balance Due As Of August 21, 2014: $4,139.35

Dear DANIEL LEO JR:

Please be advised that the above referenced creditor has referred this account to our law office for collection.

### VALIDATION NOTICE

Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed to be valid by this office. Should you notify this office in writing within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of the judgment, if any, and if also requested, the name and address of the original creditor, if different from the current creditor.

Please contact us to discuss the repayment options available to you.

Cohen and Slamowitz, LLP

P.S. All payments should be forwarded directly to this office and made payable to CYPRESS FINANCIAL RECOVERIES, LLC. Our office also accepts Western Union, Money Gram, Money Orders, bank debit cards, MasterCard, Visa and checks via telephone, or visit our website at *WWW.CSLAWLLP.COM* to make payments online.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

 

COHEN & SLAMOWITZ, LLP
P.O. BOX 9012
WOODBURY, NY 11797-9012

RETURN SERVICE REQUESTED

| STATEMENT DATE | C&S FILE # | ACCOUNT # |
|---|---|---|
| September 09, 2014 | C531134 | ********6970 |

**ORIGINAL CREDITOR**
GE Capital Retail Bank - Wal H

**CREDITOR**
CYPRESS FINANCIAL RECOVERIES  LLC

September 09, 2014

| PAYMENT DUE DATE | CURRENT BALANCE |
|---|---|
| September 26, 2014 | $4,139.35 |

**Pay Online at www.cslawllp.com**

DANIEL LEO JR
96 LARKWOOD RD
BUFFALO NY 14224

Call Our Representative at (800) 293-6006 EXT. 8988
M - Th 8am - 9am EST, Fri 8am - 6pm, Sat 8am-12pm

## REPAYMENT OPTION LETTER

Dear DANIEL LEO JR
Please be advised that CYPRESS FINANCIAL RECOVERIES, LLC has retained us regarding your outstanding bill. We understand that your finances may not allow you to pay the balance in full at this time. As a result, we are authorized to offer you the following three options:

| OPTION 1 | OPTION 2 | OPTION 3 |
|---|---|---|
| ➤ 35% Discount | ➤ 20% Discount | ➤ 24 Monthly Payments |
| ➤ 1 Payment of only $2,690.58 due by September 26, 2014 | ➤ 3 Consecutive Payment of only $1,103.83 due by September 26, 2014, October 26, 2014, and November 25, 2014 | ➤ 1 Payment of $172.54 due by September 26, 2014, followed by 23 monthly payments of $172.47 starting October 26, 2014 |
| ➤ You save $1,448.77! | ➤ You save $827.86! | |

Please use the bottom portion of this letter to indicate your preferred option and return it in the envelope provided. Kindly reply to us by September 26, 2014, as these options may not be available to you after this date. Please note that this offer to settle is void if you are refinancing or selling your house.
All payments should be made payable to CYPRESS FINANCIAL RECOVERIES, LLC. Kindly contact this office to discuss payment options available to you or visit our website at www.cslawllp.com to make payments online.

### BENEFITS OF PAYING!

• Get rid of this debt and get on with your life.

• All collection calls and letters on this account will stop.
• Once the account is paid you will receive written confirmation that the account is satisfied.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Please tear off and return lower portion with payment in the envelope provided
For First Payment ONLY
IF PAYING BY VISA, MASTERCARD OR DEBIT, FILL OUT BELOW

☐ VISA        ☐ MASTERCARD        ☐ DEBIT

CARD NUMBER                          EXP DATE          AMOUNT

SIGNATURE

MUST INCLUDE 3 DIGIT
SECURITY CODE FROM
BACK OF CARD

TRANSCURRENT DATE

| C&S FILE #: | C531134 |
|---|---|
| INDEX NO.: | CV139-14/LA |

**PAYMENT DUE DATE  AMOUNT ENCLOSED**
September 26, 2014   $

☐ 1 PAYMENT OF $2,690.58
☐ 3 PAYMENTS OF $1,103.83
☐ 24 PAYMENTS; 1ST PAYMENT OF $172.54

I agree to pay as indicated above:

COHEN & SLAMOWITZ, LLP
P.O. BOX 9012
WOODBURY, NY 11797-9012

PLEASE SIGN HERE

Index No.  CV-000201-15/LA

DANIEL LEO, JR.,

Plaintiff(s) ,

-vs-

SELIP & STYLIANOU, LLP, F/K/A COHEN & SLAMOWITZ, LLP,
MITCHELL SELIP, DAVID A. COHEN,
AND MITCHELL G. SLAMOWITZ,

Defendant(s) .

## AMENDED COMPLAINT

Mitchell L. Pashkin certifies that, to the
best of his knowledge, information and
belief, formed after an inquiry
reasonable under the circumstances, the
presentation of the annexed paper(s) or
the contentions therein are not frivolous
as defined in 22 NYCRR 130-1.1.(c).

Mitchell L. Pashkin
Attorney For Plaintiff(s)
775 Park Avenue, Ste., 255
Huntington, NY 11743
(631) 335-1107

# EXHIBIT "B"

CITY COURT OF THE CITY OF LACKAWANNA
COUNTY OF ERIE

DANIEL LEO, JR.,

                Plaintiff,

     -against-

CYPRESS FINANCIAL RECOVERIES, LLC,
HARRY STYLIANOU,

                Defendants.

INDEX NO. CV-000202-15/LA

**SUMMONS**

Plaintiff's Address:
4306 Oakwood Avenue
Blasdell, NY 14219

The basis of the venue is
Defendants' regular transaction of
business in Lackawanna

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED and required to appear in the City Court of the City of

Lackawanna, County Erie, at the office of the Clerk of said Court at 714 Ridge Road, Lackawanna

City Hall, Lackawanna, NY 14218, in the County of Erie, State of New York, by serving an

answer to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there

is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as

noted below; upon your failure to answer, judgment will be taken against you for the relief

demanded in the complaint, together with the costs of this action.

Dated:       September 3, 2015

Mitchell L. Pashkin
Attorney For Plaintiff
775 Park Avenue
Huntington, NY 11743
(631) 335-1107

Note: The law provides that:

(1) if this summons is served by its delivery to you personally within the County of Erie, you must

answer within 10 days after such service; or

(2) if this summons is served by delivery to any person other than you personally, or is served

outside the County of Erie, or by publication, or by any means other than personal delivery to you

within the County of Erie, you are allowed 30 days after service is complete within which to

answer.

*You need not physically go to the court to serve an answer.

CITY COURT OF THE CITY OF LACKAWANNA
COUNTY OF ERIE

DANIEL LEO, JR.,

           Plaintiff,

-against-

CYPRESS FINANCIAL RECOVERIES, LLC,

           Defendant.

INDEX NO. CV-000202-15/LA

**AMENDED COMPLAINT**

Plaintiff, Daniel Leo, Jr. [hereinafter "Leo"], complains of complains of Defendants,

Cypress Financial recoveries, LLC [hereinafter "Cypress"] and Harry Stylianou as follows:

1. Cypress is a limited liability corporation with a principal place of business located at 175 Washington Ave Suite 9, Dumont, New Jersey 07628.

2. The principal purpose of Cypress is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

3. Cypress is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

4. Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP [hereinafter "C&S"] is a limited liability partnership with a principal place of business located at 199 Crossways Park Drive, Woodbury, NY 11797.

5. C&S is a debt collection law firm; and the principal purpose of C&S is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

6. C&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7.  C&S regularly acts as "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA on behalf of Cypress.

8.  On or before August 21, 2014, Cypress retained C&S to attempt to collect a debt from Leo which Cypress believe Leo owed to Cypress.

9.  The alleged debt arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Leo is a natural person who resides at 4306 Oakwood Avenue, Blasdell, NY 14219.

11. Leo is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

## FIRST CAUSE OF ACTION

12. Leo realleges paragraphs 1-12 of this Complaint.

13. On August 21, 2014 C&S mailed the letter annexed as Exhibit A to Leo at 96 Larkwood Road, Buffalo, NY 14224, the address of Leo's parents. Although Leo lived at the above address, Leo received Exhibit A from his parents shortly after his parents' receipt of Exhibit A.

14. Exhibit A was the validation notice C&S on behalf of Cypress was required to send to Leo per 15 U.S.C. § 1692g.

15. On September 9, 2014, 12 days prior to the expiration of the validation period under 15 U.S.C. § 1692g and as set forth in Exhibit A, C&S mailed the letter annexed as Exhibit B to Leo at 96 Larkwood Road, Buffalo, NY 14224, the address of Leo's parents. Although Leo lived at the above address, Leo received Exhibit B from his parents shortly after his parents' receipt of Exhibit B.

16. Exhibit B did not in any manner communicate that Leo's receipt of Exhibit B did not

supersede, override or eliminate Leo's rights as set forth under 15 U.S.C. § 1692g and

as set forth in Exhibit A.

17. Exhibit B overshadowed and/or conflicted with Leo's rights under 15 U.S.C. § 1692g

and as set forth in Exhibit A for the following reasons:

a. Exhibit B did not in any manner set forth how, notwithstanding his receipt of

Exhibit B, Leo still maintained his legal rights as set forth under 15 U.S.C. §

1692g and as set forth in Exhibit A.

b. Exhibit B prominently set forth the following language, "Please be advised that

CYPRESS FINANCIAL RECOVERIES, LLC has retained us regarding your

outstanding bill."   This language, especially the use of the word "retained",

amounts to an introduction by C&S of itself to Leo as Cypress' attorneys.

c. Exhibit B on the top left portion sets forth a "Payment Due Date" of September

26, 2014, a period of just 5 days after the expiration of the validation demand

period and a date which would not allow Leo to demand validation on the last day

allowed under the law and as set forth in Exhibit A and then receive a response to

his demand for validation before deciding whether or not to make the payment by

the deadline set forth in Exhibit B.

d. Exhibit B states that the settlement offer may not be available after September 26,

2014 , a period of just 5 days after the expiration of the validation demand period

and a date which would not allow Leo to demand validation on the last day

allowed under the law and as set forth in Exhibit A and then receive a response to

his demand for validation before deciding whether or not to make the payment by

the deadline set forth in Exhibit B, which was just 5 days after the expiration of

the validation demand period.

e. Exhibit B indicates that a benefit of paying is that all collection calls and letters will stop, a statement which conflicts with the fact that if Leo demanded validation C&S and Cypress would have to cease all collection efforts until it validated the debt assuming it even could validate the debt.

18. As its attorney and/or agent and/or as a result of Cypress's control and/or supervision of C&S in regards to C&S's communications to Leo and other consumers regarding C&S's attempts to collect debts Cypress believes are owed to it, Cypress is vicariously liable for C&S sending Exhibit B to Leo.

19. As a result of the above, Cypress violated Leo's rights under 15 USC 1692g (a) and (b), 15 USC 1692e, 15 USC 1692e (2) (A), 15 USC 1692e (5), 15 USC 1692e (10) and 15 USC 1692f.

## SECOND CAUSE OF ACTION

20. Leo repeats and re-alleges the allegations in paragraphs 1-19 of this Complaint.

21. Cypress regularly retains, manages, controls and/or supervises debt collection law firms to attempt to collect debts allegedly owed to Cypress by consumers such as Leo. Cypress owes a duty of care to consumers such as Leo to make sure that the debt collection law firms they employ such as C&S comply with the law governing the means used to communicate with consumers such as Leo in an attempt to collect debts.

22. By allowing or not preventing C&S from sending Exhibit B to Leo, Cypress breached its aforementioned duty.

23. Since Cypress had the aforementioned duty and breached this duty as set forth above, Cypress is liable to Leo for the damages he incurred resulting from Cypress's

negligence.

### THIRD CAUSE OF ACTION

24. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 of this Complaint.

25. For the reasons set forth in paragraphs 16 and 17 of this Complaint, Exhibit B deceived or mislead Leo.

26. The sending of Exhibit B to Leo is consumer oriented for the following reasons:

    a.  It was directed at Leo, a consumer;

    b.  The conduct at issue against Leo, a consumer, affected or had the potential to affect similarly situated consumers for the following reasons: Upon information and belief, C&S, on behalf of Cypress and on behalf of numerous other creditors and debt buyers, sends out to numerous consumers on a regular basis letters identical to or substantially identical to Exhibit B prior to the expiration of the 30 day validation period allowed to consumers under 15 USC 1692g.

27. Leo suffered injuries as a result of his receipt of Exhibit B including but not limited to the aforementioned violations of his rights under the FDCPA, the cost of retaining an attorney to defend him and assist him in understanding his rights, the emotional distress of being pursued to pay a debt in a manner that caused him confusion as to his rights in response to these debt collection efforts.

28. As its attorney and/or agent and/or as a result of Cypress's control and/or supervision of C&S in regards to C&S's communications to Leo and other consumers regarding C&S's attempts to collect debts Cypress believes are owed to it, Cypress is vicariously liable for C&S sending Exhibit B to Leo.

29. In light of the facts set forth above, the sending to Leo of Exhibit B constitutes a violation of General Business Law 349 by Cypress.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for damages in the amount of $15,000 broken down as follows:

1. Statutory damages of $1,000 and actual damages of $3,000 along with costs and attorney's fees for the violations of the FDCPA;

2. Statutory damages under NY GBL section 349 and actual damages under NY GBL section 349 in the amount of $3,000;

3. $3,000 in damages resulting from the above negligence;

4. Any and all other relief deemed just and warranted by this court.

Dated:        December 13, 2015

Mitchell L. Pashkin, Esq.
Attorney For Plaintiff
775 Park Avenue, Ste. 255
Huntington, NY  11743
(631) 335-1107

# Cohen & Slamowitz, LLP

(800) 293-6006 ext. 8988
(516) 686-8988
Fax (516) 584-1006

199 Crossways Park Drive
Woodbury, NY 11797-9004

August 21, 2014

THUSNA0450

DANIEL LEO JR
96 LARKWOOD RD
BUFFALO NY 14224

Re: Original Creditor: Ge Capital Retail Bank - Wei H
Creditor: CYPRESS FINANCIAL RECOVERIES, LLC
Account No. Account: XXXX-XXXX-XXXX-6970
C&S File No: C531134
Balance Due As Of August 21, 2014: $4,139.35

Dear DANIEL LEO JR:

Please be advised that the above referenced creditor has referred this account to our law office for collection.

## VALIDATION NOTICE

Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed to be valid by this office. Should you notify this office in writing within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of the judgment, if any, and if also requested, the name and address of the original creditor, if different from the current creditor.

Please contact us to discuss the repayment options available to you.

Cohen and Slamowitz, LLP

P.S. All payments should be forwarded directly to this office and made payable to CYPRESS FINANCIAL RECOVERIES, LLC. Our office also accepts Western Union, Money Gram, Money Orders, bank debit cards, MasterCard, Visa and checks via telephone, or visit our website at WWW.CSLAWLLP.COM to make payments online.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

 

COHEN & SLAMOWITZ LLP
P.O. BOX 9012
WOODBURY, NY 11797-9012

RETURN SERVICE REQUESTED

September 09, 2014

|  | STATEMENT DATE | C&S FILE # | ACCOUNT # |
|--|----------------|-----------|-----------|
|  | September 09, 2014 | C531134 | 6970 |

**ORIGINAL CREDITOR**
GE Capital Retail Bank - Walmart

**CREDITOR**
CYPRESS FINANCIAL RECOVERIES, LLC

| PAYMENT DUE DATE | CURRENT BALANCE |
|------------------|-----------------|
| September 26, 2014 | $4,139.35 |

Pay Online at www.cslawllp.com

DANIEL LEO JR
98 LARKWOOD RD
BUFFALO NY 14224

Call Our Representative at (800) 293-6006 EXT. 8966
M - Th 8am - 9pm EST Fri 8am - 6pm, Sat 8am-12pm

## REPAYMENT OPTION LETTER

Dear DANIEL LEO JR

Please be advised that CYPRESS FINANCIAL RECOVERIES, LLC has retained us regarding your outstanding bill. We understand that your finances may not allow you to pay the balance in full at this time. As a result, we are authorized to offer you the following three options.

| OPTION 1 | OPTION 2 | OPTION 3 |
|----------|----------|----------|
| ➤ 35% Discount | ➤ 20% Discount | ➤ 24 Monthly Payments |
| ➤ 1 Payment of only $2,690.58 due by September 26, 2014 | ➤ 3 Consecutive Payment of only $1,103.83 due by September 26, 2014, October 26, 2014, and November 25, 2014 | ➤ 1 Payment of $172.54 due by September 26, 2014, followed by 23 monthly payments of $172.47 starting October 26, 2014 |
| ➤ You save $1,448.77! | ➤ You save $827.86! | |

Please use the bottom portion of this letter to indicate your preferred option and return it in the envelope provided. Kindly reply to us by September 26, 2014, as these options may not be available to you after this date. Please note that this offer to settle is void if you are refinancing or selling your house.

All payments should be made payable to CYPRESS FINANCIAL RECOVERIES, LLC. Kindly contact this office to discuss payment options available to you or visit our website at www.cslawllp.com to make payments online.

### BENEFITS OF PAYING!

• Get rid of this debt and get on with your life.
• All collection calls and letters on this account will stop!
• Once the account is paid you will receive written confirmation that the account is satisfied.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Please tear off and return lower portion with payment in the envelope provided

| C&S FILE #: | C531134 |
|-------------|---------|
| INDEX NO.: | CV135-14/LA |

**PAYMENT DUE DATE AMOUNT ENCLOSED**
September 26, 2014 $

☐ 1 PAYMENT OF $2,690.58
☐ 3 PAYMENTS OF $1,103.83
☐ 24 PAYMENTS; 1ST PAYMENT OF $172.54

I agree to pay as indicated above:

PLEASE SIGN HERE _____

COHEN & SLAMOWITZ, LLP
P.O. BOX 9012
WOODBURY, NY 11797-9012

Index No. CV-000202-15/LA

DANIEL LEO, JR.,

Plaintiff(s),

-vs-

CYPRESS FINANCIAL RECOVERIES, LLC,

Defendant(s).

## AMENDED COMPLAINT

Mitchell L. Pashkin certifies that, to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the annexed paper(s) or the contentions therein are not frivolous as defined in 22 NYCRR 130-1.1.(c).

Mitchell L. Pashkin
Attorney For Plaintiff(s)
775 Park Avenue, Ste, 255
Huntington, NY 11743
(631) 335-1107

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL LEO JR.

                       Plaintiff,

     -against-

SELIP & STYLIANOU LLP f/k/a
COHEN & SLAMOWITZ LLP, MITCHELL SELIP,
MITCHELL G SLAMOWITZ and DAVID A COHEN

                  Defendants.

**Docket No. 1:16-CV-00036-JTC**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL LEO JR.

                       Plaintiff,

     -against-

CYPRESS FINANCIAL RECOVERIES, LLC

                  Defendants.

**Docket No. 1:16-CV-00041-JTC**

## [PROPOSED] ORDER

**UPON CONSIDERATION,** of Defendants' Motion to consolidate, and it appearing to the Court that such an Order is necessary and appropriate in the interest of judicial economy, **IT IS HEREBY ORDERED** that Defendants' Motion to consolidate is **GRANTED** and that the above- captioned actions are consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Dated: Buffalo, New York,

     _____2016

                                 _____

                                 THE HONORABLE JOHN T. CURTIN
                                 UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, I served the foregoing electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Plaintiff, Daniel Leo, Jr. via his counsel of record -

Mitchell L. Pashkin, Esq.

And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

S/ Alexander Ponze
Alexaner Ponze, Esq.
Attorney for Defendants