UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| DANIEL LEO, JR., | } | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 1:16-cv-00036-JTC |
| | } | |
| SELIP & STYLIANOU, LLP, | } | |
| F/K/A COHEN & SLAMOWITZ, LLP, | } | |
| MITCHELL SELIP, MITCHELL G. SLAMOWITZ, | } | |
| AND DAVID A. COHEN, | } | |
| Defendants | } | |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| DANIEL LEO, JR., | } | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 1:16-cv-00041-JTC |
| | } | |
| CYPRESS FINANCIAL RECOVERIES, LLC, | } | |
| | } | |
| Defendant | } | |

**AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION
FOR CONSOLIDATION PURSUANT TO FRCP 42(a)**

Even if there is a basis to consolidate two cases, there are various ways in which cases can be consolidated. See Reed v. Deja (W.D. N.Y., 2014) 10CV379S and 09CV858S (Hon. Hugh B. Scott) (Exhibit A):

"Rule 42(a) recognizes at least three types of consolidation, see Fed. R. Civ. P. 42 (a)(1)-(3). One form has other cases stayed until one is tried and that judgment being conclusive as to the remaining, stayed cases; this is technically not a consolidation but is often treated as such, 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2382, at 429 (Civil 2d ed 1995). Next is where two or more actions are combined into one action in which the judgment entered applies to all parties, id. This is what is intended here by plaintiff (see Reed v. Deja, No. 10CV379, Docket No. 61, Pl. Atty. Decl. ¶ 11). The third form of consolidation has several actions tried together but each case retains its

separate character and requires entry of separate judgments, id. at 429, 430 & nn. 8, 9; see also Trafalgar Power, Inc. v. Aetna Life Ins., 131 F. Supp. 2d 341, 346 (N.D.N.Y. 2001) (citing Johnson v. Manhattan Ry., 289 U.S. 479, 497 (1933), and Cole v. Shenley Indus. Inc., 563 F.2d 35, 38 (2d Cir. 1977))."

See further Portaleos v. Shannon (N.D. N.Y., 2014) (Exhibit B):

"Federal Rule of Civil Procedure 42(a) provides that if actions before a court involve a common question of law or fact, the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." One commentary elucidates the meaning and application of this rule, and of "consolidation" generally, as follows: In the context of legal procedure, "consolidation" is used in three different senses: (1) When all except one of several actions are stayed until one is tried, in which case the judgment in the one trial is conclusive as to the others. This is not actually a consolidation but sometimes is referred to as such. (2) When several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered. An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been set out originally as separate counts in one complaint. (3) When several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another. 9A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2382 (3d ed.) (footnotes omitted)."".

See also Puerto Rico v. Shell Oil Co. (In re Methyl Tertiary Butyl Ether ("mtbe") Prods. Liab. Litig.) (S.D.N.Y., 2015) (Exhibit C): "Defendants correctly point out that because both cases are in front of the same court, a case management order would suffice to prevent duplicative briefing.".

As explained below, despite the common facts in the two cases, these cases should not be consolidated in any manner. As an alternative, Defendant Cypress Financial Recoveries, LLC (Case No. 1:16-cv-00041-JTC) only can be liable if Defendants in Case No. 1:16-cv-00036-JTC first are found liable to Plaintiff. Therefore, the case against Cypress Financial Recoveries, LLC (Case No. 1:16-cv-00041-JTC) should be stayed until the conclusion of Case No. 1:16-cv-00036-JTC. At the very least, the cases should be consolidated only to the extent of requiring motions in

both cases to be returnable and decided at the same time and coordinating any trials. See <u>Fountain v. United States</u> (N.D. N.Y., 2014) (Exhibit D) ("Weighing the efficacious aims of Rule 42, these two cases will be consolidated for motion practice only. The Court does not hold the same view that these matters are so intertwined that they should be consolidated for trial purposes.")

**DIFFERENCES IN THE TWO CASES REGARDING NEED FOR DISCOVERY**

Several courts have held that consolidation is inappropriate "in light of the [differences in the] procedural posture of the[ ] cases." <u>Shakhnes v. Eggleston</u>, 740 F.Supp.2d 602, 629 (S.D.N.Y., 2010). See also <u>Ruane v. Cnty. of Suffolk</u> 923 F. Supp. 2d 454 (E.D.N.Y., 2013);

The liability of Defendants in Case No. 1:16-cv-00036-JTC involves the determination of whether or not the September 9, 2014 letter (Exhibit E) overshadowed the 15 USC 1692g/Dunn letter dated August 21, 2014 (Exhibit F). Both letters were from and sent by Defendants in Case No. 1:16-cv-00036-JTC. If the one letter overshadowed the other, Defendants in Case No. 1:16-cv-00036-JTC violated 15 USC 1692g (a) and (b) among other provisions of the FDCPA.

As set forth below, whether or not the one letter overshadowed the other is a pure legal question.

> "To determine whether a debt collection practice is deceptive or misleading or overshadows or contradicts a validation notice, that practice must be viewed objectively from the perspective of the "least sophisticated consumer." *Clomon,* 988 F.2d at 1318; *see also Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996). The basic purpose of this standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon,* 988 F.2d at 1318." <u>Ellis v. Cohen & Slamowitz, LLP</u>, 701 F.Supp.2d 215, 219 (N.D. N.Y., 2010).
>
> " "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to [his] rights." *Russell,* 74 F.3d at 35. In general, a complaint alleging a § 1692g violation will survive a motion to dismiss if: "(1) the plaintiff pleads a contradiction between the demand language and the validation language and (2) it is possible that the plaintiff could prove that the contradiction would mislead the least sophisticated consumer into disregarding his or her rights under the validation notice." *Beeman v. Lacy, Katzen, Ryen & Mittleman,* 892

F.Supp. 405, 412 (N.D.N.Y.1995)". Ellis v. Cohen & Slamowitz, LLP, 701 F.Supp.2d 215, 222 (N.D. N.Y., 2010).

In addition, "[t]he FDCPA is a strict liability statute. *Bentley v. Great Lakes Collection Bureau, Inc.,* 6 F.3d 60, 63 (2d Cir.1993). Accordingly, the consumer need not show intentional conduct by the debt collector. *See Ellis,* 591 F.3d at 135." Ellis v. Cohen & Slamowitz, LLP, 701 F.Supp.2d 215, 219 (N.D. N.Y., 2010).

Based on the above, there is no discovery needed or warranted before this court determines whether or not Defendants in Case No. 1:16-cv-00036-JTC violated the FDCPA by sending out the September 9, 2014 letter. On the other hand, as explained below, discovery would be needed to determine if Cypress Financial Recoveries, LLC (Case No. 1:16-cv-00041-JTC) is liable for any violations of the FDCPA by Defendants in Case No. 1:16-cv-00036-JTC. The same holds true as regard the other causes of action against Cypress Financial Recoveries, LLC. The different steps required to resolve these two cases warrant this court doing something other than consolidating these cases by merging them into one. See Shakhnes, *supra* (consolidation denied where one case "has completed discovery, and is ripe for summary judgment" and the other case "was much more recently filed and is still in its nascent stages."). See also Ruane, *supra* at 461:

> "Moreover, judicial economy would not be served through consolidation as these two actions are at different stages of the litigation. While no discovery has been conducted in this action, discovery has been completed and there is a motion for summary judgment currently pending in the *Ferrari* matter. Because judicial economy would not be served by consolidation and the common issues between this matter and the *Ferrari* matter are no longer present, plaintiff's motion is denied."

**BASIS OF LIABILITY DIFFERENT IN THE TWO CASES**

In the last 2 years 2 different District courts in the Second Circuit issued decisions discussing the different theories regarding a debt collector's possible vicarious liability for the actions of the attorneys it hired to collect a debt. One of these cases is from the Western District,

Hallmark v Cohen & Slamowitz, et. al. 11-CV-00842S(F) (WDNY, May 13, 2014) (Exhibit G). The other case is Okyere v Palisades Collection, LLC, et. al. 12 Civ. 1453 (EDNY, March 22, 2013) (Exhibit H).

First, these decisions reveal that the law is far from settled regarding the proper legal theory to use to determine a debt collector's possible vicarious liability for the actions of the attorneys it hired to collect a debt. Second, under either theory of vicarious liability, a Plaintiff will have to determine and prove certain facts to allow a court to determine whether in the facts of a particular case, a debt collector is vicariously liability for the actions of the attorneys it hired to collect a debt. Using traditional vicarious liability rules, discovery will have to be conducted to determine if the attorney hired to collect the debt, Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP, was acting within the scope of their authority by committing the act that forms the basis for the alleged FDCPA violation. See Okyere, *supra*. Under the "actual control" theory of vicarious liability, discovery will have to be conducted to determine if the debt collector, Cypress Financial Recoveries, LLC, exercised control over the conduct or activities of the attorney hired to collect the debt, Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP. See Hallmark, *supra*.

The above determination by this court in Case No. 1:16-cv-00036-JTC would determine the next steps in the case against Cypress Financial Recoveries, LLC (Case No. 1:16-cv-00041-JTC). This court's determination that Defendants in Case No. 1:16-cv-00036-JTC did not violate the FDCPA by sending out the September 9, 2014 letter would result in an automatic need to terminate the case against Cypress Financial Recoveries, LLC (Case No. 1:16-cv-00041-JTC). Otherwise, discovery would be required to determine whether or not Cypress Financial Recoveries, LLC was vicariously liable under the FDCPA and therefore liable to Plaintiff. The same holds true as regard the other causes of action against Cypress Financial Recoveries, LLC, negligence and NY

GBL 349. Both of these causes of action first require a finding of liability on the part of Defendants in Case No. 1:16-cv-00036-JTC.

For similar reasons, the court in Boncich v. MP Howlett, Inc., 421 F. Supp. 1300, 1304-1305 (E.D.N.Y., 1976) denied consolidation:

> "Regina Boncich has also moved to consolidate her action against Howlett and American Chain and Cable (74 C 1837) with the pending exoneration/limitation proceeding (75 C 394) and Baltic Steamship's action for property damage (75 C 1039) pursuant to FRCP 42(a). However, when we look to the nature of the exoneration/limitation proceeding as discussed in *In re Atlass' Petition,* 350 F.2d 592 (C.A.7), we see that consolidation should not be granted at this time. The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited. If no liability exists there is nothing to limit. And in a proceeding to limit liability two duties are imposed upon the court. The first is to ascertain whether any liability exists. If it is found to exist the second duty arises, which is to ascertain whether the loss or damage was occasioned or incurred without the "privity or knowledge" of the owner of the ship. If no liability is found to exist, the absence of all liability is to be decreed, and there the matter ends. (350 F.2d at 593 *quoting* The 84-H, 296 F. 427, 431 C.A.2). Boncich's application is, therefore, premature. Should the admiralty judge find liability, but no privity, or both liability and privity, consolidation might then be appropriate to effect a final disposition of all six cases which are currently pending before this court. Nonetheless, at the present time, there is no reason to believe that consolidation would expedite any pre-trial matters, and on the other hand, consolidation might well delay and complicate disposition of the exoneration/limitation proceeding."

See also United States v. Am. Express Co. (In re Am. Express Anti-Steering Rules Antitrust Litig.) (E.D.N.Y., 2014) (Exhibit I):

> "Second, while Defendants are correct that there are common issues of law and fact shared between the Governments' and Individual Merchants' cases, the court finds that consolidation of the two trials against the wishes of both sets of plaintiffs would cause undue prejudice and is therefore inappropriate. The Individual Merchants' case involves statutory claims, defenses, and remedies not at issue in the Government case. (See Gov't Pls.' Opp'n (Dkt. 293) at 4-5.) Further, and perhaps most importantly, the two sets of plaintiffs advance different theories of the relevant market."

**POTENTIAL PREJUDICE RESULTING FROM CONSOLIDATION**

A court should not consolidate cases if the prejudice to a party resulting from a consolidation would outweigh the benefits of consolidation. See J.H. v. Williamsville Cent. Sch. Dist. (W.D. N.Y., 2015) (Exhibit J); Solvent Chem. Co. Icc v. E.I. Dupont De Nemours, 242 F.Supp.2d 196 (W.D. N.Y., 2002); and Osekavage v. Mergenthaler (E.D.N.Y., 2015) (Exhibit K). In determining whether and to what extent to consolidate cases, "courts must always be mindful not to sacrifice fairness at the altar of efficiency." Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993) and J.H. , *supra*. While "considerations of judicial economy favor consolidation," those considerations "must yield to a paramount concern for a fair and impartial trial." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir.1990) and Solvent Chem. Co. Icc, *supra*. For the below reasons, a consolidation which results in a merger of the two cases into one case could prejudice Plaintiff and result in an unfairness to Plaintiff.

From June 2011 through mid-January 2014, I was the Assistant Managing Attorney/Managing Attorney for Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP, a Defendant in Case No. 1:16-cv-00036-JTC. Defendant Cypress Financial Recoveries, LLC (Case No. 1:16-cv-00041-JTC) was a client of Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP during my aforementioned employment.

A former attorney-client relationship is the first and foremost prerequisite to the existence of a basis to disqualify a party's attorney. See Travelers Cas. & Sur. Co. of Am. v. Dipizio Constr. Co. 1:14-cv-00576-RJA-HKS (W.D. N.Y., 2015) (Exhibit L). Cypress Financial Recoveries, LLC cannot come close to satisfying the other elements required to show that I should be disqualified, i.e. the "substantial relationship" element. However, this prior attorney client relationship between

myself and Cypress Financial Recoveries, LLC would allow Cypress Financial Recoveries, LLC to attempt to have this court disqualify me as Plaintiff's counsel in Case No. 1:16-cv-00041-JTC.

In Case No. 1:16-cv-00041-JTC, Cypress Financial Recoveries, LLC is being represented by Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP, a Defendant in Case No. 1:16-cv-00036-JTC.  Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP take the position that I should not be allowed to represent any party in opposition to any party who was a client of theirs during my employment.  See Exhibit M).  Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP already has filed a Grievance (Exhibit N) against me based in part on my bringing the lawsuit against Cypress Financial Recoveries, LLC (Case No. 1:16-cv-00041-JTC).  Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP also take the position that I should not be allowed to represent any party in an FDCPA lawsuit against them.  See Exhibit M.

I was an employee of Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP rather than their attorney.  This absence of an attorney-client relationship prohibits Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP from attempting to disqualify me in Case No. 1:16-cv-00036-JTC.  Attached as Exhibit O is a list of 8 FDCPA cases I brought against Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP which it has litigated without making any attempt to disqualify me.  In a 9th case, <u>Liew v Cohen & Slamowitz, LLP, et. al.</u>,1:2014-cv-04868, it did seek and obtain a disqualification Order based not on a finding of an actual attorney-client relationship but based on my possible exposure during my employment to certain confidential information about an non-disputed "substantially related" case.

Without a consolidation which results in a merger of the two cases into one case, Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP would not have the opportunity to have me disqualified from representing Plaintiff against them.  In effect, a consolidation which results in a

merger of the two cases into one case would give Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP the opportunity to have me disqualified from representing Plaintiff against them.

The courts in the Second Circuit have found that disqualification motions have become increasingly popular tools of the litigation process, and are being used often abusively for purely strategic purposes. See <u>Bowens v. Atlantic Maintenance Corp.</u>, 546 F.Supp.2d 55 (E.D.N.Y., 2008). Based on the above, there is a strong possibility that this attempt to consolidate these cases is in large part a tactical maneuver to have these two cases be merged into one and then attempt to have me disqualified from representing Plaintiff based on my prior attorney-client relationship with Cypress Financial Recoveries, LLC.

A client has a right to freely choose his counsel. <u>GSI Commerce Solutions, Inc. v. BabyCenter, L.L.C.</u>, 618 F.3d 204, 209 (2d Cir. 2010); and <u>Travelers Cas. & Sur. Co. of Am.</u>, *supra*. In <u>Richardson-Merrel, Inc. v. Koller</u>, 472 U.S. 424, 441 (1985), Justice Brennan stated as follows: "A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interests in judicial proceedings.". "[D]isqualification has an immediate adverse effect on the client by separating him from counsel of his choice". <u>Board of Educ. of the City of New York v. Nyquist</u>, 590 F.2d 1241, 1246 (2d Cir.1979). The "savings of expense and gains of efficiency can be accomplished <u>without sacrifice of justice</u>." <u>Devlin v. Transp. Commc'ns. Int'l Union</u>, 175 F.3d 121, 130 (2d Cir. 1999) (emphasis in original) (quoting <u>Consorti v. Armstrong World Indus., Inc.</u>, 72 F.3d 1003, 1007 (2d Cir. 1995) and <u>Osekavage</u>, *supra*. Therefore, based on the possibility that a consolidation which results in a merger of the two cases into one case could result in Plaintiff losing his valued right to a choice of counsel in a case (Case No. 1:16-cv-00036-JTC) where this risk would not result in the absence of a consolidation which results in a merger of the two cases into one case, this court

should deny the motion to consolidate altogether or at least to the extent of not ordering a consolidation which results in a merger of the two cases into one case. See <u>Fountain</u>, *supra*:

> "Consideration of convenience and economy some times has to yield to the paramount concern for a fair and impartial trial. *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. at 532 (noting that confusion and prejudice may be the results of an unwary consolidation). Moreover, "efficiency cannot be permitted to prevail at the expense of justice - consolidation should be considered when 'saving of expense and gains of efficiency can be accomplished *without sacrifice of justice.'" Devlin v. Transp.*, 175 F.3d at 130 (quoting *Consorti v. Armstrong World Indus. Inc.*, 72 F.3d at 1007) (quotation and emphasis in original). That paramount concern proscribes that courts not succumb to "[t]he systemic urge to aggregate [similar] litigation [which would] trump our dedication to individual justice,…"

Of course, Defendants could eliminate this possible prejudice resulting from a consolidation which merges the two cases into one by setting forth in its Reply a statement affirming its waiver of any potential basis for disqualification.

Even if Defendants take the above step and thereby eliminate this possible prejudice resulting from a consolidation which merges the two cases into one, for the reasons set forth in this Opposition, Plaintiff believes it is more efficient either not to consolidate these cases in any manner or to consolidate them in a manner other than by a merger of the two cases into one.

In sum, Plaintiff has established the following:

A determination of the liability of Defendants in one case (Case No. 1:16-cv-00036-JTC) is not dependent on any kind of discovery;

A determination of the liability of Defendant in the other case (Case No. 1:16-cv-00041-JTC) will be conditioned upon facts revealed during discovery;

The theories of liability are different in the two cases-The liability of Defendants in Case No. 1:16-cv-00036-JTC is direct and based upon their own actions which resulted in the alleged violation; but

the liability of Defendant in Case No. 1:16-cv-00041-JTC is only vicarious and dependent on this court first finding liability on the part of Defendants in Case No. 1:16-cv-00036-JTC; and

A consolidation which results in a merger of both cases into one case could prejudice Plaintiff; but there are ways to obtain some of the benefits of consolidation other than a merger of both cases into one case.

**WHEREFORE**, Plaintiff asks this court to deny Defendants' motion in its entirety or as an alternative, to stay the case against Cypress Financial Recoveries, LLC (Case No. 1:16-cv-00041-JTC) until the conclusion of Case No. 1:16-cv-00036-JTC.  If this court is unwilling to deny Defendants' motion or to issue the aforementioned stay, Plaintiff asks this court to consolidate the cases only to the extent of requiring motions in both cases to be returnable and decided at the same time and coordinating any trials.

Dated:  February 22, 2016

/s/  Mitchell L. Pashkin
Mitchell L. Pashkin (MP 9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY  11743
(631) 629-7709