UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL LEO, JR.,

        Plaintiff,

    v.                                                         16-CV-36
                                                               DECISION AND ORDER
SELIP & STYLIANOU LLP,

MITCHELL SELIP,

DAVID A. COHEN, and

MITCHELL G. SLAMOWITZ,

        Defendants.

_____


_____

DANIEL LEO, JR.,

        Plaintiff,

    v.                                                         16-CV-41
                                                               DECISION AND ORDER
CYPRESS FINANCIAL RECOVERIES,
LLC,

        Defendants.

_____


In these two cases, the plaintiff, Daniel Leo, Jr., brings separate claims under the

Fair Debt Collection Practices Act ("FDCPA").  In January 2016, the defendants

removed each case to this Court from the City Court of the City of Lackawanna, New

York.  No. 16-CV-36, Docket Item 1; No. 16-CV-41, Docket Item 1.  The defendants in

each proceeding moved to disqualify the plaintiff's counsel, Mitchell Pashkin, Esq.,

based on his prior employment at a law firm—Selip & Stylianou (the "Selip Firm")—named as a defendant in No. 16-CV-36.  No. 16-CV-36, Docket Item 11; No. 16-CV-41, Docket Item 7.  In addition to being a defendant in one action, the Selip Firm represents Cypress Financial Recoveries ("Cypress") in the other.   No. 16-CV-36, Docket Item 11; No. 16-CV-41, Docket Item 7.  On May 17, 2016, the plaintiff moved to strike the defendants' motions to disqualify, No. 16-CV-36, Docket Item 13; No. 16-CV-41, Docket Item 9, and on May 26, 2016, the plaintiff otherwise responded to the defendants' motions to disqualify, No. 16-CV-36, Docket Item 15; No. 16-CV-41, Docket Item 11.  On June 3, 2016, the defendants replied.  No. 16-CV-36, Docket Item 17; No. 16-CV-41, Docket Item 13.

The defendants also have moved to consolidate these cases.  No. 16-CV-36, Docket Item 4.

For the following reasons, the defendants' motions to disqualify Pashkin are denied, but their motion to consolidate is granted.  The plaintiff's motions to strike are denied as moot.[1]

## BACKGROUND

Pashkin worked at the Selip Firm when it was known as Cohen & Slamowitz ("the "Cohen Firm") from June 2011 to January 2014.  Docket item 16 at 1.  The Selip Firm represents financial services institutions in consumer collection matters.  Docket Item 11

---

[1] Because the papers relevant to this question are identical in both proceedings, this Court will cite only the record in No. 16-CV-36 unless otherwise noted.

at 12.  According to defendant Mitchell Slamowitz, Cypress is a "longstanding firm client" of the Selip Firm.  *Id.*

While employed at the Cohen Firm, Pashkin first served as an assistant managing attorney and then as a managing attorney.  Docket Item 11 at 13, 17.  According to Pashkin's resume, among other duties, he "[m]anaged affirmative and defensive litigation throughout New York State on behalf of several national and state chartered banks and non-bank creditors including managing expenditures on outside appearance counsel and managing resources and the priorities of the attorneys and support staff to assist firm in meeting its monthly client goals."  *Id.* at 17.  He also "[d]efended national and state chartered banks, debt buyers and employers against alleged violations of the FDCPA."  *Id.* at 19.

According to Slamowitz, Pashkin's duties also included "ensuring the firm's procedures were compliant with its clients' expectations and the legal requirements applicable to consumer debt litigation."  *Id.* at 13.  Slamowitz says that FDCPA "suits and counterclaims are frequently asserted against [the Selip Firm] and its clients in light of the nature of the legal work."  *Id.*  But Pashkin says that "[m]ost of [his] responsibilities at [the Selip Firm] had nothing to do with FDCPA defense litigation."  Docket Item 16 at 2.  Instead, he asserts that his "main responsibilities were the management of all the affirmative litigation against consumers on behalf of [the Selip Firm's] clients, the management and teaching of the associate attorneys and the direct handling of a case load of thousands of files mostly dealing with defending counterclaims against certain clients."  *Id.*

Slamowitz asserts that while working at the Cohen Firm, "Pashkin had confidential and proprietary information about each of [the Selip Firm's] major clients, including [Cypress], regarding the client's defense tactics and settlement parameters." Docket Item 11 at 13. But Pashkin does "not believe that [the firm] represented any client in regard to any debt allegedly owed by [Leo]" when Pashkin worked at the Cohen Firm. Docket Item 16 at 1.

## DISCUSSION

## I.   MOTION TO DISQUALIFY

The defendants have moved "to disqualify [Pashkin] pursuant to New York State Rule of Professional Conduct 1.9." Docket Item 11 at 6. For the following reasons, this Court denies that motion in each case.

"The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. Of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). "In exercising this power, [courts] have attempted to balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *Id.* (quoting *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)). Courts considering "disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules," but "such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Id.*

The defendants argue that Pashkin's involvement in this matter conflicts with the principles in Rule 1.9 of the New York Rules of Professional Conduct:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

> (1) whose interests are materially adverse to that person; and

> (2) about whom the lawyer had acquired information protected by Rule 1.6 [(relating to confidential information)] or paragraph (c) of this Rule that is material to the matter.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

> (1) use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known; or

> (2) reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

Although rules such as Rule 1.9 provide guidance, "disqualification is only warranted where 'an attorney's conduct tends to taint the underlying trial,' because other ethical violations can be left to federal and state disciplinary mechanisms." *Hempstead Video*, 409 F.3d at 132 (quoting *Nyquist*, 590 F.2d at 1246).  That being said, in language similar to that in Rule 1.9, the Second Circuit has found that

[i]n cases of successive representation, . . . an attorney may be disqualified if:

(1) the moving party is a former client of the adverse party's counsel;

(2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and

(3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Id.* at 133 (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)).

In this case, the parties do not dispute the first factor: Pashkin was a lawyer (1) who worked at a firm that is a defendant in one case and (2) who represented a client that is the defendant in the other case. *See id.* ("An attorney's conflicts are ordinarily imputed to his firm based on the presumption that 'associated' attorneys share client confidences."). But the parties dispute whether the relationship between the subject matter of the present proceedings and the subject matter of Pashkin's prior representation is sufficiently "substantial" to require Pashkin's disqualification. *See id.* In considering that question, this Court is guided by the commentary to Rule 1.9, which provides:

> The scope of a "matter" for purposes of this Rule depends on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited. On the other hand, a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type, even though the subsequent representation involves a position adverse to the prior client. . . . The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.

N.Y. Rule Prof'l Conduct 1.9, cmt. 2. And according to another comment,

> [m]atters are "substantially related" . . . if they involve the same transaction or legal dispute or if, under the circumstances, a reasonable lawyer would conclude that there is otherwise a substantial risk that confidential factual information that would normally have been obtained in the prior

6

representation would materially advance the client's position in the subsequent matter.

*Id.*, cmt. 3. "In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation." *Id.*

In *Olajide v. Palisades Collection*, United States District Judge Jesse M. Furman addressed a similar motion to disqualify Pashkin in a case where Pashkin represented a plaintiff suing another former client of the Selip firm. 2016 WL 1448859, at *1 (S.D.N.Y. Apr. 12, 2016). As in this case, there was no dispute that the Cohen Firm, and therefore Pashkin, had represented the defendant in that case. *Id.* at *3. Therefore, Judge Furman explained, the motion to disqualify turned "on the 'substantial relationship' factor." *Id.*

Judge Furman denied the motion because the defendants were unable to show a substantial relationship between the issues in the prior cases and that case. *Id.* at *3-*4. He explained that "there is no suggestion—let alone evidence—that Plaintiff's account was among the debt-collection matters that [the Cohen firm] or Pashkin handled on behalf of [the defendant]." *Id.* at *4. Therefore, the defendants were required to "show that there is a 'substantial relationship' between the matters upon which Pashkin (or at a minimum, [the Cohen Firm]) actually did work and [that] case, such that 'confidential factual information normally obtained in the prior representation would materially advance' Plaintiff's . . . cause of action." *Id.* (quoting N.Y. Rule Prof'l Conduct 1.9, cmt 3.). Judge Furman determined that the defendant's claims—that the Cohen Firm performed legal services on 1,404 accounts referred by the defendant during the time that Pashkin was at the firm and that Pashkin would have been privy to the business practices, procedures, and protocols of his clients, including the

7

defendant—did "not support a finding that 'material facts of the prior representations are necessary to the present litigation.'" *Id.* (quoting *New York v. Monfort Trust*, 2014 WL 5018607, at *5 (E.D.N.Y. Oct 7, 2014)).  Judge Furman determined that "[a]t most, [the defendant] establishe[d] that Pashkin 'recurrently handled' (or at least supervised) 'factually distinct' matters of the same 'type' as [that] suit, and may have had 'general knowledge' of [the defendant's] 'policies and practices,' but that is not enough to warrant disqualification." *Id.* (quoting N.Y. Rule Prof'l Conduct 1.9, cmts. 2-3).  "In short, because [the defendant] fails to identify 'knowledge of specific facts gained in [the Cohen Firm's] prior representations that are relevant' to this case, it fail[ed] to show that Pashkin's representation runs afoul of Rule 1.9 or that disqualification is necessary." *Id.* (quoting N.Y. Rule of Prof'l Conduct 1.9, cmt. 3).

Like Judge Furman in *Olajide*, this Court finds that Pashkin is not disqualified from representing the plaintiff in these cases.  Neither side suggests that Leo's debts were among the matters that the Cohen Firm handled—for Cypress or otherwise—while Pashkin worked there.  Therefore, the defendants "must show that there is a 'substantial relationship' between the matters upon which Pashkin (or, at a minimum, [the Cohen Firm]) actually did work and this case, such that 'confidential factual information normally obtained in the prior representation would materially advance' [Leo's] present cause of action." *Id.* (quoting N.Y. Rule Prof'l Conduct 1.9 cmt. 3).

As in *Olajide*, the defendants contend here that Pashkin's work at the Cohen Firm permitted him generally to have "confidential and proprietary information about each of [the Selip Firm's] major clients, including [Cypress], regarding the client's defense tactics and settlement parameters."  Docket Item 11 at 13.  According to the

defendants, that information is "extremely useful to Pashkin in his current position as an attorney representing debtors." *Id.* Nevertheless, the fact "that Pashkin 'recurrently handled' (or at least supervised) 'factually distinct' matters of the same 'type' as this suit and may have had 'general knowledge' of [the defendants'] 'policies and practices,' . . . is not enough to warrant disqualification." *Olajide*, 2016 WL 1448859, at *4 (quoting N.Y. Rule Prof'l Conduct 1.9, cmts. 2-3). As in *Olajide*, the defendants here have failed "to identify 'knowledge of specific facts gained in [the Cohen Firm's] prior representations that are relevant' to this case," and they therefore have failed "to show that Pashkin's representation runs afoul of Rule 1.9 or that disqualification is necessary." *Id.* (quoting Rule 1.9, *supra*, cmt. 3).

For at least two reasons, "an attorney's conduct [must] 'taint the underlying trial'" to disqualify the attorney from a case. *Nyquist*, 590 F.2d at 1246 (quoting *W.T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir. 1976)). First, "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice." *Id.* Second, "disqualification motions are often interposed for tactical reasons." *Id.* "And even when made in the best of faith, such motions inevitably cause delay." *Id.* Here, Pashkin's former client was organizational and in "the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation." N.Y. Rule Prof'l Conduct 1.9, cmt. 3. For that reason, and because the defendants have offered nothing more than assertions about Pashkin's prior knowledge, he is not disqualified.[2]

---

[2] In *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, United States District Judge Kiyo A. Matsumoto determined that Pashkin was disqualified from a case because of his work at the Cohen Firm. 2015 WL 5579876, at *11 (E.D.N.Y. Sept. 22, 2015). But for

## II.    MOTION TO CONSOLIDATE

The defendants also have moved to consolidate these cases.  Docket Item 4.

"Rule 42(a)—entitled 'consolidation'—provides that if 'actions before the court involve a

common question of law or fact, the court may' . . . 'consolidate the actions.'"  *Hall v.*

*Hall*, 138 S. Ct. 1118, 1124 (2018).(quoting Rule 42(a)(2)).  Rule 42(a) "should be

prudently employed as 'a valuable and important tool of judicial administration.'"  *Devlin*

*v. Transp. Commc'ns Int'l. Union*, 175 F.3d 121, 130 (2d Cir.1999) (quoting *Consorti v.*

*Armstrong World Ind.*, 72 F.3d 1003, 1006 (2d Cir. 1995)).  It should be "invoked to

'expedite trial and eliminate unnecessary repetition and confusion.'"  *Id.* (quoting *Miller*

*v. U.S. Postal Serv.*, 729 F.2d 1033, 1026 (5th Cir. 1984)).  "[C]onsolidation should be

considered when 'savings of expense and gains of efficiency can be accomplished

*without sacrifice of justice*.'"  *Id.* (quoting *Consorti*, 72 F.3d at 1007) (emphasis in

original).

These cases involve common questions of law and fact.  In both proceedings,

Leo's claims stem from the same letters that the Cohen Firm mailed him on behalf of

Cypress at his parents' address on August 21, 2014, and on September 9, 2014.  No.

---

the reasons explained by the court in *Olajide*, and unlike this case and *Olajide*, the *Wai Hoe Liew* case was substantially related to specific matters that Pashkin had worked on while at the Cohen Firm.  2016 WL 1448859, at *4.  In *Wai Hoe Liew*, "Pashkin represented three individual plaintiffs who were suing [the Cohen Firm] on a theory of liability identical to that pursued in a class action lawsuit against [the Cohen Firm] when Pashkin worked at the firm."  *Id.*  Two of the individual plaintiffs in *Wai Hoe Liew* "received notice to participate as class members" of the class action litigation that Pashkin defended against while employed at the Cohen Firm.  2015 WL 5579876, at *6. Those plaintiffs "opted not to join as members of the class."  *Id.*  And "Pashkin [did] not dispute that the [*Wai Hoe Liew*] case [was] the same case with respect to [two plaintiffs] and [was] substantially similar with regard to [another]."  *Id.*  That is far different than the situation in *Olajide* and here.

16-CV-36, Docket Item 1 at 10-12; No. 16-CV-41, Docket Item 1 at 9.  In both proceedings, Leo claims that the very same letters violated his rights under the FDCPA and that those letters deceived him in violation of New York State General Business Law § 349.

What is more, the cases can be consolidated without sacrificing justice.  Leo argues that the cases should not be consolidated because Cypress's liability may turn on whether the defendants in the other matter are liable.  Docket Item 6 at 2.  Therefore, he argues "the case against Cypress . . . should be stayed until the conclusion of" the other case.  *Id*.  But even assuming that Leo is correct on that point, his argument is a non sequitur: he offers no reason why he would be prejudiced or justice would otherwise be sacrificed by considering all his claims together and at the same time.  "[A]ctions do not lose their separate identify because of consolidation."  *Hall*, 138 S. Ct. at 1130 (quoting *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1327 (2016)).  And if timing is a problem for some reason, consolidation will not preclude dealing with that problem.  Just because the cases are consolidated does not mean that Cypress's liability must be determined simultaneously with that of the other defendants.

Furthermore, Leo's argument that "consolidation is inappropriate 'in light of the differences in the procedural posture of the cases,'" Docket Item 6 at 3 (quoting *Shakhnes v. Eggleston*, 740 F. Supp. 2d 602, 629 (S.D.N.Y. 2010)), is without merit.  Unlike *Shakhnes*, where the court refused to consolidate class actions when one case "ha[d] proceeded for four years[,] . . . ha[d] completed discovery, and [was] ripe for summary judgment," while the other case "was much more recently filed and [was] still

in its nascent stages," 740 F. Supp. 2d at 629, both these cases are presently proceeding on the same schedule before this Court.

Therefore, the defendant's motion to consolidate is granted.[3]

## CONCLUSION

For the foregoing reasons, the defendants' motions to disqualify Pashkin as counsel are DENIED.  The defendants' motion to consolidate the cases, No 16-CV-36, Docket Item 4, is GRANTED.  The plaintiff's motions to strike are DENIED as moot. The Clerk of Court shall consolidate the cases under civil number 16-CV-36 and close the case bearing civil case number 16-CV-41.  All further docketing shall occur in 16-CV-36.

SO ORDERED.

Dated:      May 31, 2019
            Buffalo, New York


                                    _s/ Lawrence J. Vilardo_____
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE

---

[3] Leo makes a series of other arguments against consolidation in relation to the possibility of his counsel's disqualification.  Docket Item 6 at 7-11.  But because this Court has resolved the defendants' motions to disqualify Leo's counsel in Leo's favor, those arguments against consolidation are moot.